Shientag, J.
The action is to recover the sum of $12,000 for the alleged negligent loss by defendant of plaintiff’s furs. These furs were received by defendant, a contract carrier, from plaintiff’s bailee, John F. Morris Furs, Inc. (hereinafter called “ Morris ”), for delivery to plaintiff. The appeal is from an order striking out the complete defense set up in the answer. That defense alleges in substance: that on or about June 24, 1949, plaintiff delivered the furs to Morris for storage; that on that date plaintiff entered into a written agreement with Morris covering the pick-up, storage and delivery to plaintiff of the furs; that the written agreement provided in part that plaintiff declared the value of her furs to be $3,000 and she agreed that such was their value for the purpose of the pick-up, storage and delivery of the furs; that on or about December 2, 1949, plaintiff requested Morris to arrange for the delivery of the furs to her and authorized Morris to procure defendant to deliver same to her; that Morris gave defendant the furs with instructions to deliver them to plaintiff; and that when it accepted the furs from Morris for delivery to plaintiff, defendant took them subject to the declared value of $3,000. The complete defense concluded that by reason of the premises the liability, if any, of defendant to plaintiff herein was limited to said declared valuation of $3,000; that on April 20, 1950, Morris paid plaintiff the sum of $3,000, ■ agreed and declared by plaintiff in the written agreement of June 24, 1949, to be the full value of the furs and plaintiff accepted the same.
The affidavits submitted on the motion to strike out the complete defense, as sham and insufficient in law, qualify that defense in two respects: first, it is conceded that in accepting the $3,000 from Morris, plaintiff specifically reserved her rights against defendant and, second, there is a conflict in the affidavits as to whether plaintiff expressly or impliedly authorized Morris to procure defendant to deliver the furs to her. In amplification of the allegations of the complete defense, it appears from the affidavits that Morris had used defendant to “ pick up the plaintiff’s furs in controversy for delivery to Morris to be stored by him ” and that on prior occasions Morris had used defendant to pick up and return to plaintiff furs stored by her with Morris.
The learned court below has held that defendant is not entitled to receive the benefit of the $3,000 agreed valuation put upon her furs by plaintiff in her agreement with Morris; that no such intent on her part can be inferred and that the allegation in the *571 defense, that plaintiff authorized Morris to make delivery to her through defendant, does not have the effect of giving to defendant the benefit of that valuation. In reaching that conclusion, the court at Special Term relied in large measure upon this court’s decision in Berger v. 34th St. Garage (274 App. Div. 414).
We hold that the allegations in the complete defense which are complained of are not sham and that the defense is sufficient in law. The agreement of June 24, 1949, was for the storage of plaintiff’s furs and for their delivery to her when she requested them. The $3,000 limitation of liability clearly applied to any loss occurring while Morris or someone in his employ returned the furs to plaintiff. If an employee of Morris carelessly lost the furs entrusted to him for delivery to plaintiff, it is clear that the employee, if sued for his negligence, could invoke the $3,000 limitation of liability. There was nothing in the agreement which in any way restricted the choice of Morris in his method of delivering the furs back to plaintiff. Plaintiff herself in her affidavit says: “ Shortly prior to December 2,1949 I requested Morris to have the furs delivered to me at my residence 101 East 75th Street, New York City, without designating the means or method of such delivery.”
Defendant was not an interloper; it was not a stranger to the contract of bailment; it was not a tortious third party; indeed it was engaged in performing the bailment agreement when the furs were stolen. It has been urged with much force that for all practical purposes the defendant was Morris inasmuch as it had been properly selected to carry out an essential part of the bailment agreement. In the language of section 347 of the Eestatement of the Law of Agency: ‘ ‘ An agent who is acting in pursuance of his authority has such immunities of the principal as are not personal to the principal.”
In any event an issue was raised by the defense and the affidavits as to whether Morris was authorized to employ defendant to carry out the contract of bailment which the former entered into. That being so, the complete defense was improperly stricken. We are not called upon to decide anything beyond that point on this appeal. Berger v. 34th St. Garage (274 App. Div. 414, supra) is not a holding contrary to the result here reached. Without going into a detailed analysis of that case, it suffices to point out that under the allegations of the complaint in the Berger case, the legal sufficiency of which complaint was attacked, the sub-bailee appeared to be a third-party stranger to *572 the original contract of bailment and the court found nothing in the allegations of the complaint to indicate that such third party was employed with the authority, express or implied, of the original bailor to carry out the original contract of bailment.
The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the motion to strike out the complete defense denied.
Peck, P. J., Glennon, Dore, and Van Voorhis, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied.